Gildersleeve, J.
This is an action for admeasurement of dower. The only issue between the parties arises from the denial by defendants of plaintiff’s claim that she is the lawful widow of defendants’ testator, one Jacob Halsted, deceased. The plaintiff, in pursuance of an order of the court, served a bill of particulars, alleging that “ the allegation of widowhood in the complaint is founded upon a non-ceremonial marriage, contracted and consummated on or about April 4, 1889, in the apartments then occupied by the plaintiff, at No. 356 West Fifty-sixth street, New York city, there being present, at the time of the making of the marriage agreement, one George Baillard and Helene D’Enghien, as witnesses.” The defendants then interposed their answers, and moved for an additional bill of particulars as to the following matters : “ (1) The last known addresses of George Baillard and Helene D’Enghien, the two persons mentioned in the bill of particulars, already furnished, as having been witnesses to the alleged marriage of the plaintiff with Jacob Halsted, deceased; (2) the place or places where it is claimed the plaintiff and the said Jacob Halsted cohabited together as husband and wife; (3) a statement of the persons and their addresses before whom acts were per *87 formed or declarations made which are claimed to establish such marriage, and the time and place where such acts or declarations were made; (4) a statement of any acknowledgment at any time made by the said Jacob Halsted of the plaintiff as his wife, the places where made, and the names of any persons, with their addresses, in whose presence such declarations were made; (5) the time when, and the names and addresses of any person or persons before whom it is claimed that the said Jacob Halsted held out or recognized the said plaintiff as his wife; (6) the hour of the day on April 4, 1889, the day alleged in the bill of particulars, when the alleged marriage was contracted in the apartments of the plaintiff, 356 West Fifty-sixth street.”
The motion was denied, and from the order denying such motion the defendants appeal to the general term.
We are of the opinion that the defendants’ demand is much too comprehensive. The demand of the defendants almost amounts to a demand that plaintiff shall supply them with a detailed statement of the means by which she expects to substantiate her claim at the trial; and clearly such a requirement calls for a disclosure of the evidence, and transcends the office of a bill of particulars. Roberts v. Cullen, 40 St. Rep., 672. The purpose of a bill of particulars is to limit the generality of the complaint and prevent surprise at the trial, not to furnish evidence ; and where the demand seems calculated to enable defendants to seek evidence to meet the claim, rather than to ascertain the items of which it is composed, it should be denied. Gee v. Chase Mfg. Co., 12 Hun, 630; Drake v. Thayer, 5 Robt., 694.
The bill of particulars should be confined to the claim, Code, § 531, and there are no allegations in the complaint that would warrant the court in compelling the plaintiff to comply with defendants’ demands. The complaint merely alleges that plaintiff is the widow of the testator, and, on defendants, demand, has already given a bill of particulars of the alleged marriage, the place, date and the names of the witnesses.
It is not the office of a bill of particulars to apprise defendants of the nature of plaintiff’s proofs or the names of her witnesses. Dempewolf v. Hills, 53 N. Y. Super., 105. Nor is it given or required for the purpose of disclosing to- an adverse party the case relied upon, nor the proof to substantiate the same. Its entire scope and nature is to furnish information to an opponent and to the court of the specific proposition for which the party contends. Stevens v. Webb, 4 Civ. Pro., 64; Higenbotam v. Green, 25 Hun, 214. But it is not its purpose to disclose the evidence relied upon to establish any proposition. Ball v. Evening Post Pub. Co., 38 Hun, 11.
The bill of particulars already given is all that is warranted by the allegations of the complaint, and it is sufficiently comprehensive to prevent defendants from being taken unduly by surprise at the trial.
The order appealed from must be affirmed, with ten dollars costs and disbursements.
Sedgwick, Ch. J., concurs.